CASE CLOSED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------------x

PROMOTION IN MOTION, INC., and
WELCH FOODS INC., A COOPERATIVE,

        Plaintiffs,

Case 2:18-cv-11670

v.

KERVAN USA LLC,

        Defendant.

----------------------------------------------------------------x

## FINAL ORDER AND JUDGMENT ON CONSENT

WHEREAS, Plaintiff Promotion In Motion, Inc. ("PIM") manufactures and markets a product known as WELCH'S FRUIT SNACKS pursuant to a license from Plaintiff Welch Foods Inc., A Cooperative ("Welch," and together with PIM, "Plaintiffs"); and

WHEREAS, WELCH'S FRUIT SNACKS uses the packaging design trade dress shown below (the "WELCH'S FRUIT SNACKS Trade Dress"):

  

; and

WHEREAS, Defendant Kervan USA LLC ("Kervan") planned to introduce a line of fruit gummies in the packaging depicted below under license from Sunkist (the "Original Kervan Packaging"):

   ; and

WHEREAS, PIM manufactures and markets a soft-and-chewy sour candy known as SOUR JACKS in two formats, one of which is sometimes referred to as "The Wedge" (the "SOUR JACKS Wedge Product"); and

WHEREAS, the SOUR JACKS Wedge Product uses a distinctive three-dimensional trapezoid shape and three-color combinations for Watermelon, Green Apple, Lemonade and Wildberry versions, as shown below (the SOUR JACKS Trade Dress"):

 ; and

WHEREAS, PIM owns U.S. Trademark Registration No. 5,029,701 for the watermelon version of the SOUR JACKS Trade Dress (the "PIM Registration"); and

WHEREAS, Kervan sold a sour watermelon candy (the "Original Kervan Watermelon Candy") in the shape and coloration shown below (as exemplified by the following private label version sold at CVS stores):



; and

WHEREAS, on July 16, 2018, Plaintiffs commenced this action by filing the Complaint, in which (1) Plaintiffs allege that the Original Kervan Packaging infringes the WELCH'S FRUIT SNACKS Trade Dress under federal and state law; and (2) PIM alleges that the Original Kervan Watermelon Candy infringes the SOUR JACKS Trade Dress under federal and state law; and

WHEREAS, on August 9, 2018, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction against Kervan's use of the Original Kervan Packaging, and Kervan has opposed the motion, which is pending; and

WHEREAS, Kervan has denied the substantive allegations of the Complaint and of the motion; and

WHEREAS, the parties have agreed to resolve this litigation upon the terms set forth in this Final Order And Judgment on Consent and the confidential settlement agreement being contemporaneously entered into by the parties (the "Settlement Agreement").

3

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and over the subject matter in issue, and venue is proper in this District.

2. Kervan acknowledges the validity of the WELCH'S FRUIT SNACKS Trade Dress, the SOUR JACKS Trade Dress, and the PIM Registration.

3. Except as otherwise provided in paragraph 4 below, and subject to the terms and conditions set forth in the Settlement Agreement, Kervan and its officers, agents, servants, representatives, affiliates, employees, suppliers, successors and assigns and any other entities which Kervan controls, and all persons or companies in active concert and/or participation with Kervan or acting on Kervan's behalf, are permanently enjoined and restrained from directly or indirectly manufacturing, distributing, selling, displaying, advertising, promoting or otherwise exploiting in any fashion: (a) the Original Kervan Packaging; (b) the Original Kervan Watermelon Candy; and/or (c) any packaging, designs, shapes, colors, trade dress, product configuration or other materials confusingly similar to the WELCH'S FRUIT SNACKS Trade Dress or the SOUR JACKS Trade Dress.

4. Notwithstanding paragraph 3 above, Kervan will have until 90 days from the date of entry of this Final Order and Judgment On Consent to sell off its existing inventory of the Original Kervan Packaging in the quantities identified in Paragraph 11 of the Declaration Of Burak Cezik In Opposition Of Motion For Temporary Restraining Order And Preliminary Injunction submitted to the Court on August 22, 2018 (Docket No. 18-1). If at the end of such 90 day period Kervan has not sold off all such inventory, it will promptly destroy any remaining units and will provide Plaintiffs with a certification from an officer of Kervan attesting to such destruction within 30 days of completion of the Sell-Off Period.

5. Plaintiffs acknowledge and agree that they will not object to Kervan's use of the revised packaging shown below for its fruit gummies product and that such use will not violate this Final Order and Judgment on Consent:



6. PIM acknowledges and agrees that it will not object to Kervan's use of the revised shape and dimensions shown below for its sour watermelon candy (the "Revised Kervan Watermelon Candy") and that such use will not violate this Final Order and Judgment on Consent, provided that Kervan will only use the Revised Kervan Watermelon Candy in a two-color combination (unless PIM otherwise agrees in writing).



7. Each party shall bear its own costs and attorney's fees in connection with this litigation.

5

8. This Court shall retain continuing jurisdiction over the parties to this Final Order and Judgment on Consent and over the subject matter of the action for the purposes of interpreting and enforcing the terms of this Final Order and Judgment on Consent.

9. All of the parties hereto consent to the issuance and entry of this Final Order and Judgment on Consent and waive the right to appeal from or otherwise contest this Final Order and Judgment on Consent, which may be entered in the form and content set forth above without further notice to any party.

AGREED AS TO FORM AND SUBSTANCE:

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____

Richard S. Mandel, Esq.
Jonathan Z. King, Esq.
114 West 47th Street
New York, New York 10036
(212) 790-9200

David R. King, Esq.
Leah Kelman, Esq.
HERRICK FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
Attorneys for Plaintiffs

WHITE AND WILLIAMS LLP

By: _____

Peter J. Mooney, Esq.
Michael O. Kassak, Esq.
The Legal Center, One Riverfront Plaza
1037 Raymond Boulevard, Suite 230
Newark, NJ 07102-5425
(201) 368-7200

Attorneys for Defendant

KERVAN USA LLC

By: _____

Name: Burak Cezik
Title: General Manager
Dated: 11/1/2018

PROMOTION IN MOTION, INC.

By: _____
Name: Scott Yaces
Title: C.F.O.
Dated: 11/5/18

WELCH FOODS INC., A COOPERATIVE

6

By: /s/
Name: Matthew A. Altman
Title: VP, General Counsel
Dated: 5 Nov 2018

APPROVED AND ORDERED this ___ day of _____, 2018.

_____
MADELINE COX ARLEO, U.S.D.J.

7